# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
DUANE HOFFMAN,                    *
                                  *     No. 19-111V
              Petitioner,         *     Special Master Christian J. Moran
                                  *
v.                                *
                                  *     Filed:  September 16, 2024
SECRETARY OF HEALTH               *
AND HUMAN SERVICES,               *
                                  *
              Respondent.         *
* * * * * * * * * * * * * * * * * * * *
```

Isaiah Kalinowski, Bosson Legal Group, P.C., Fairfax, VA, for petitioner;
Felicia D. Langel, United States Dep't of Justice, Washington, DC, for respondent.

## PUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS[1]

Duane Hoffman's claim that an influenza vaccine harmed him remains pending in the Vaccine Program. He is seeking an award of attorneys' fees and costs on an interim basis. For the reasons explained below, he is awarded $135,772.66.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

## Procedural History

Mr. Hoffman filed his petition on January 22, 2019.  At this time, Mr. Hoffman's attorney, Isaiah Kalinowski, worked for the law firm Maglio Christopher & Toale, P.C.  Later, Mr. Kalinowski joined the Bosson Legal Group. During the litigation, Mr. Hoffman supported his claim with reports from Dr. Nadareishvili.  Exhibits 30 and 63.  The Secretary countered with reports from a different doctor.  Exhibits A and C.  The parties advocated for their positions via memoranda.  Pet'r's Br., filed Aug. 22, 2022; Resp't's Br., filed Sep. 21, 2022; Pet'r's Reply, filed Oct. 5, 2022.

While the issue of entitlement was unresolved, Mr. Hoffman submitted the pending motion for an award of attorneys' fees and costs on April 1, 2023.  The Secretary deferred to the special master's assessment in his boilerplate form. Resp't's Resp., filed Apr. 3, 2023.  Mr. Hoffman repeated his request.  Pet'r's Reply, filed Apr. 3, 2023.

An Initial Entitlement Decision found that Mr. Hoffman had failed to establish that a persuasive theory for how the flu vaccine could harm him.  Initial Entitlement Decision, issued Jan. 10, 2024, 2024 WL 402731.  Mr. Hoffman challenged this outcome.  Pet'r's Mot. for Rev., filed Feb. 9, 2024.

The Court granted the motion for review.  Opinion and Order, 2024 WL 3688477 (July 8, 2024).  The Court remanded for further adjudication.  Because the remand suggests that further development of the case may occur, resolving the pending motion for an award of attorneys' fees and costs is appropriate now.

## Assessment

Petitioner's motion implicitly raises a series of sequential questions, each of which requires an affirmative answer to the previous question.  First, whether petitioner is eligible under the Vaccine Act to receive an award of attorneys' fees and costs?  Second, whether, as a matter of discretion, petitioner should be awarded her attorneys' fees and costs on an interim basis?  Third, what is a reasonable amount of attorneys' fees and costs?  These questions are addressed below.

### 1. Eligibility for an Award of Attorneys' Fees and Costs

As an initial matter, interim fee awards are available in Vaccine Act cases. <u>Avera v. Sec'y of Health & Human Servs.</u>, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Since petitioner has not received compensation from the Program, he may be awarded "compensation to cover [his] reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa-15(e)(1). As the Federal Circuit has stated, "good faith" and "reasonable basis" are two separate elements that must be met for a petitioner to be eligible for attorneys' fees and costs. <u>Simmons v. Sec'y of Health & Human Servs.</u>, 875 F.3d 632, 635 (Fed. Cir. 2017).

"Good faith" is a subjective standard. <u>Id.</u>; <u>Hamrick v. Sec'y of Health & Human Servs.</u>, No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she honestly believes that a vaccine injury occurred. <u>Turner v. Sec'y of Health & Human Servs.</u>, No. 99-544V, 2007 WL 4410030, at * 5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). The Secretary has not challenged petitioner's good faith here, and there is little doubt that petitioner brought the claim with an honest belief that a vaccine injury occurred.

In contrast to good faith, reasonable basis is purely an objective evaluation of the weight of the evidence. <u>Simmons</u>, 875 F.3d at 636. Because evidence is "objective," the Federal Circuit's description is consistent with viewing the reasonable basis standard as creating a test that petitioners meet by submitting evidence. <u>See</u> <u>Chuisano v. Sec'y of Health & Human Servs.</u>, No. 07-452V, 2013 WL 6234660 at *12–13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013) (explaining that reasonable basis is met with evidence), <u>mot. for rev. denied</u>, 116 Fed. Cl. 276 (2014). Here, the Secretary did not challenge the reasonable basis. <u>See</u> Resp't's Resp., filed Apr. 3, 2023, at 2. Thus, petitioner satisfies the reasonable basis. <u>See</u> <u>Greenlaw v. United States</u>, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present."); <u>Harding v. Sec'y of Health & Human Servs.</u>, 146 Fed. Cl. 381, 392 n. 7 (2019) ("Both with respect to issues such as 'reasonable basis' and the amount of attorney's fees and costs claimed by a petitioner, the Special Master is entitled to receive the input of the respondent represented by the United States Department of Justice on petitioner's claims for attorney's fees and costs, not just when the respondent chooses to do so."). In any event, the reports of Dr. Nadareishvili satisfy the reasonable basis standard.

## 2.  Appropriateness of an Interim Award

Interim awards should not be awarded as a matter of right.  Avera, 515 F.3d at 1352.  Instead, petitioners must demonstrate "undue hardship."  Id.  The Federal Circuit noted that interim fees "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  Id.  The Circuit has also considered whether petitioners faced "only a short delay in the award" before a motion for final fees could be entertained.  Id.

The Federal Circuit has not attempted to specifically define what constitutes "undue hardship" or a "protracted proceeding."  In the undersigned's practice, interim fees may be appropriate when the amount of attorneys' fees exceeds $30,000 and the case has been pending for more than 18 months.  Petitioner clears both hurdles.

## 3.  Reasonableness of the Requested Amount

Under the Vaccine Act, a special master may award reasonable attorneys' fees and costs.  42 U.S.C. § 300aa-15(e)(1).  Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach.  Avera, 515 F.3d at 1347–48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)); Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs."  Hines v. Sec'y of Health & Human Servs., 22 Cl. Ct. 750, 753 (1991).  They may look to their experience and judgement to reduce the number of hours billed to a level they find reasonable for the work performed.  Saxton ex rel. v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

Petitioners "bear[] the burden of establishing the hours expended, the rates charged, and the expenses incurred."  Wasson v. Sec'y of Health & Human Servs., 24 Cl.Ct. 482, 484 (1991), aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Adequate proof of the claimed fees and costs should be presented when the motion is filed.  Id. at 484 n.1.  Counsel "should make a good faith effort to exclude from a

fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

      a. Attorneys' Fees

Mr. Hoffman seeks compensation for work Mr. Kalinowski and affiliated professionals performed at two law firms. Mr. Hoffman requests $83,250.90 for Maglio Christopher & Toale. Exhibit 79. In addition, Mr. Hoffman requests $43,184.50 for Bosson Legal Group. Exhibit 81. The Secretary did not object.

With respect to the hourly rates charged, Mr. Kalinowski and other professionals have followed accepted practice. Thus, they are accepted as reasonable.

With respect to the number of hours, Mr. Kalinowski and his team have generally documented their activities with sufficient detail to assess the reasonableness of the time spent. Although most work is routine and, therefore, reasonable, two tasks merit some brief discussion.

First, Mr. Kalinowski spent more than 32 hours drafting Dr. Nadareishvili's report. See Exhibit 79 (timesheet), entries for May 4, 2021 through May 7, 2021. Indisputably, attorneys can assist an expert in preparing a report. See Instructions, issued Nov. 23, 2020, at 2, citing cases. However, whether Mr. Kalinowski effectively took over the process and dictated the content of the expert's report seems open to question as Dr. Nadareishvili spent a total of two hours on his report: one hour on searching and reviewing medical literature and one hour on preparing and reviewing his report.[2] Exhibit 80. This disparity between the amount of time spent by the attorney and the amount of time spent by the expert is highly unusual in the Vaccine Program. Not only is this difference unusual, but the division of labor calls also raises a question as to whether Dr. Nadareishvili is expressing his own opinions. Nevertheless, the Secretary has not challenged Mr. Kalinowski's writing the report. As such, Mr. Kalinowski's efforts are accepted as reasonable in this case. But, in future cases, attorneys working with Dr. Nadareishvili are encouraged to allow the doctor to be the primary author of a report he signs.

---

[2] Dr. Nadareishvili separately reviewed medical records for 7 hours.

Second, Mr. Kalinowski traveled to see Mr. Hoffman and billed at half-rate for time spent in transit.  Exhibit 79 (timesheet), entries for Sep. 26, 2021 through Sep. 28, 2021.  The meeting lasted approximately three hours.  Relatively few attorneys representing petitioners in the Vaccine Program spend three days on the road for a relatively routine meeting about litigation strategy that lasts a few hours.  The success of these non-traveling attorneys suggests that travel is not always required and, in some instances, may be an unreasonable expense.  See Avchen v. Sec'y of Health & Hum. Servs., No. 14-279V, 2015 WL 9595415, at (Fed. Cl. Spec. Mstr. Dec. 4, 2015).  The advent of widespread use of videoconferencing after the pandemic decreases the need for travel.  Vice v. Sec'y of Health & Hum. Servs., No. 17-1568V, 2023 WL 2965245, at *3 (Fed. Cl. Spec. Mstr. Apr. 17, 2023); Thomas v. Sec'y of Health & Hum. Servs., No. 18-1948V, 2023 WL 2155057, at *3 (Fed. Cl. Spec. Mstr. Feb. 22, 2023); see also Exhibit 81 (timesheet) entry for March 30, 2022 (noting lengthy telephone conference with client).  Accordingly, Mr. Kalinowski and his colleagues are advised that they should not assume that time and expenses associated with travel for a routine client meeting will be reimbursed.

These two concerns do not translate to a reduction in fees in the present case, although they might in future cases.  Mr. Hoffman is awarded the amount requested in fees: $126,435.40.

### b. Attorneys' Costs

Mr. Hoffman similarly requests costs incurred by both law firms.  For Maglio Christopher & Toale, Mr. Hoffman requests $5,656.91.  Exhibit 80.  For the Bosson Legal Group, Mr. Hoffman requests $3,680.35.  Exhibit 81 at 7.  Mr. Hoffman has averred that he personally did not incur any costs.  Exhibit 82.  The Secretary did not object to any requested costs.

Routine and reasonable items include the expenses for obtaining medical records and the Court's filing fee.  These are adequately documented and accepted.

A less routine item is the set of costs associated with Mr. Kalinowski's trip to visit Mr. Hoffman.  As explained above, just as the time spent traveling may not always be reasonable, the costs incurred traveling for a routine trip may not always be reasonable.  But, the costs are accepted in this case.

Finally, Mr. Hoffman requests compensation for the work of Dr. Nadareishvili.  Compared with other experts, Dr. Nadareishvili has spent relatively

6

little time in drafting his reports.  Exhibit 80 (invoice), Exhibit 81 at 8.  Thus, his time is credited in full.  Dr. Nadareishvili has requested compensation at the rate of $400 per hour.  Given his experience (see Exhibit 31 (curriculum vitae)), this rate is reasonable.

Consequently, Mr. Hoffman is awarded the costs that he has requested, $9,337.26.

## **Conclusion**

Mr. Hoffman has established that an award of attorneys' fees and costs on an interim basis is appropriate.  There is no just reason for delay.  He is awarded $135,772.66.

This amount shall be paid in two lump sums.  The first check shall be made payable to Mr. Hoffman and his attorney, Mr. Kalinowski, in the amount of $88,907.81.  This is intended to compensate Mr. Hoffman for fees and costs incurred by Maglio Christopher & Toale.  The second check shall be made payable to Mr. Hoffman and his attorney, Mr. Kalinowski, in the amount of $46,864.85.  This is intended to compensate Mr. Hoffman for fees and costs incurred by the Bosson Legal Group.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

7